Ms. Paula Pumphrey, Director Department of Community Punishment Two Union National Plaza 105 West Capitol Little Rock, Arkansas 72201
Dear Ms. Pumphrey:
This official Attorney General opinion is rendered in response to a question you have raised concerning telephone calls from inmates detained in a Department of Community Punishment facility.
You indicate that inmates in the Central Arkansas Community Punishment Center (CACPC) have access to a collect phone calling system, which is programmed to allow them to call only certain numbers. The called party has the option of accepting or refusing the call. All calls made by inmates, except calls to their attorneys, are routinely tape-recorded.
The CACPC has received a request for the tapes of two calls made by an inmate. One of the calls was placed to a telephone number assigned to the requester's residence, and the other was placed to a telephone number assigned to the requester's mother's residence.
You have presented the following question:
 Can the requested tape-recordings be released either in whole or in part?
It is my opinion generally that the tape-recordings can be (and indeed, should be) be released in whole, if requested, unless their contents would render them subject to a specific statutory or constitutional exemption. Because I do not know the contents of the recordings, I cannot opine as to whether they fall within a specific exemption.[1]
The Freedom of Information Act (FOIA) (codified at A.C.A. § 25-19-101
through -107) requires that "public records" be made available to the public upon request. The FOIA states:
25-19-105. Examination and copying of public records.
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
A.C.A. § 25-19-105(a).
The term "public records" is defined in the FOIA as follows:
25-19-103. Definitions.
As used in this chapter, unless the context otherwise requires:
 (1) "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
The tape-recordings of inmate telephone conversations that you have described clearly fall within the above-quoted definition, in that they are kept and maintained in a public office by public employees of an agency that is supported by public funds. Because these tape-recordings constitute "public records" within the meaning of the FOIA, they must be made available to the public, unless they are subject to a specific exemption from release. A.C.A. § 25-19-105(a).
The question of whether the tape-recordings would fall under any of the specific exemptions set forth in the FOIA, see A.C.A. § 25-19-105(b), or any other statutory exemptions, is a question of fact that will depend upon the contents of the recordings, as well as upon other facts. For example, if the recordings are currently the subject of an on-going undisclosed investigation by a law enforcement agency of suspected criminal activity, they could be exempt from disclosure under A.C.A. §25-19-105(b)(6).
Similarly, the contents of the recordings could conceivably render them protectable under the principle of the constitutional right of privacy. Whether this principle is applicable is, again, a question of fact. In order for documents to be withheld from release under the constitutional right of privacy, they must contain information that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. If it is found that these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the FOIA (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989).
The specific contents of the tape-recordings in question must be evaluated with the foregoing principles in mind in order to determine whether any statutory exemption or the constitutional exemption should apply.
I therefore conclude that as a general matter, the tape-recordings of the inmate telephone conversations about which you have inquired do constitute "public records," within the meaning of the FOIA, and must therefore be made available to the public, unless the specific contents of the recordings render them, as a factual matter, subject to a statutory exemption, or subject to an exemption under the principle of the constitutional right of privacy.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 12-27-125(b)(20) creates a specific exemption from the FOIA for certain offender files that are maintained by the Department of Community Punishment concerning each offender under its supervision. The tape recordings about which you have inquired are not maintained in these files, and therefore do not fall within the exemption created by this statute.